<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AFZAAL AHMAD, | :<br>:<br>: |
| Plaintiff, | :<br>: Civil Action No. 2:14-1142-SDW-SCM |
| v. | :<br>: |
| DANIYAL ENTERPRISES, LLC and WASEEM CHAUDHARY, individually, | : **OPINION**<br>:<br>: |
| Defendants. | : November 9, 2015<br>:<br>: |

**WIGENTON**, District Judge.

Before this Court is a Motion for Partial Summary Judgment filed by Defendants Daniyal Enterprises, LLC ("Daniyal") and Waseem Chaudhary ("Chaudhary") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 56 seeking dismissal of Plaintiff's claims under the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 210 *et seq.* for the time period prior to January 1, 2012, and under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.* for the period prior to February 21, 2012.  This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1367.  Venue is proper pursuant to 28 U.S.C. § 1391.  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, this Court **GRANTS** Defendants' Motion for Partial Summary Judgment.

1

**FACTUAL BACKGROUND**

Plaintiff Afzaal Ahmad ("Plaintiff") is a resident of New Jersey. (Collective and Class Action Compl. ("Compl.") ¶ 23.) Defendant Daniyal is a New Jersey limited liability company with its principal offices in New Jersey. (Compl. ¶ 10, Decl. of James M. Turtletaub ("Turtletaub Decl.") Ex. B at 1-2.)[1] Defendant Chaudhary is a resident of New Jersey and the managing member of Daniyal during the time period at issue. (Compl. ¶¶ 14-15; Turtletaub Decl. Ex. B at 3.) Between July 2009 and December 2012, Defendants employed Plaintiff as a gas station attendant. (Compl. ¶ 24.) During that time, Plaintiff worked in excess of forty hours per week, but was not paid overtime. (Compl. ¶¶ 26-29.)

On February 14, 2013, the Secretary of Labor ("Secretary") filed a complaint ("DOL Action") against Daniyal and Chaudhary on behalf of Plaintiff and other named employees pursuant to Sections 216(c) and 217 of the FLSA.[2] (Defs.' Statement of Material Facts ("Defs.' SOMF") ¶ 1.); Turtletaub Decl. Ex. B and Ex. A thereto.) The DOL Action sought back-wages, including overtime pay, for the period prior to January 1, 2012 and was resolved via Consent Judgment on February 22, 2013. (Defs.' SOMF ¶ 1; Turtletaub Decl. Exs. B, C, D.) The Consent Judgment required Defendants to pay $2 million in wage and overtime compensation, $1 million in liquidated damages, and $91,000.00 in penalties. (Turtletaub Ex. C.) Plaintiff received $2,560.41 pursuant to the Consent Judgment. (Turtletaub Ex. E.)

---

[1] As of December 25, 2011, "the businesses operated by Daniyal were transferred to another New Jersey limited liability company named Madison Petroleum, L.L.C. ('Madison') which also has its principal offices" in New Jersey. (Defs.' Mot. Summ.J. 3.) Madison employed Plaintiff in 2012, but is not named as a defendant in this action. (*Id.*)

[2] The Secretary's complaint named both Daniyal and Madison as defendants. (Turtletaub Decl. Ex. B.)

2

**PROCEDURAL HISTORY**

On February 21, 2014, Plaintiff filed a two-count Complaint against Defendants, alleging that Defendants denied him overtime in violation of the FLSA and the NJWHL. (Dkt. No. 1.) On July 10, 2015, Defendants filed the instant Motion for Partial Summary Judgment. Defendants seek dismissal of Plaintiff's FLSA claim for the period prior to January 1, 2012, arguing it is precluded by the DOL Action, and of the NJWHL claim for the period prior to February 21, 2012, arguing it is barred pursuant to the NJWHL's statute of limitation. Plaintiff filed a Brief in Opposition on August 3, 2015 and Defendants filed their Reply on August 10, 2015.[3]

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

---

[3] Plaintiff did not submit a Statement of Material Facts as a separate document as required by Local Rule 56.1. Plaintiff's response to Defendants' Statement of Material Facts does not contain citations to the record as required by Rule 56.1. Further, Plaintiff's brief lacks a Table of Contents, a complete Table of Authorities and is improperly formatted.

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

**DISCUSSION**

*Plaintiff's NJWHL Claim*

Plaintiff's Complaint seeks recovery under the NJWHL of overtime he alleges Defendants owe him for hours he worked between July 2009 and December 2012. Claims brought under the NJWHL, however, are subject to a two-year statute of limitations. The statute provides, in relevant part: "[n]o claim for unpaid minimum wages, unpaid overtime compensation, or other damages under this act shall be valid with respect to any such claim which has arisen more than 2 years prior to the commencement of an action for the recovery thereof. In determining when an action is commenced, the action shall be considered to be commenced on the date . . . where a cause of action is commenced in a court of appropriate jurisdiction." N.J. STAT. ANN. 34:11-56a25.1 (West 2015); *Wright v. Nesor Alloy Corp.*, No. 03-cv-1789 (JLL), 2006 WL 2830969, at *13 (D.N.J. Sept. 29, 2006) (recognizing the two year statute of limitations under the NJWHL). Plaintiff does not dispute that he filed his Complaint with this Court on February 21, 2014. (Dkt. No. 1.) Therefore, this Court will grant Defendant's motion for summary judgment as to Plaintiff's NJWHL claim for wages and overtime pay prior to February 21, 2012. Plaintiff's claim may continue to the extent it seeks recovery of wages or overtime allegedly owed after that date.

*Plaintiff's FLSA Claim*

Plaintiff also seeks recovery of overtime wages under federal law. The FLSA "regulates, as a general matter, the minimum wages and overtime wages paid to workers." *Min Fu v. Hunan of Morris Food, Inc.*, No. 12-cv-058719 (KM), 2013 WL 5970167, *4 (D.N.J. Nov. 6, 2013). Section 216(b) of the FLSA grants employees the right to file suit "against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b)

(2008). Section 216(c) of the Act, however, provides that right may be voluntarily waived by the employee or terminated by a suit brought by the Secretary.

Section 216(c)'s waiver provision authorizes the Secretary to supervise settlement agreements between employees and employers for "the payment of the unpaid minimum wages or the unpaid overtime compensation owed to any employee or employees under section 206 or section 207 of this title" and states that "the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b)" to bring suit. 29 U.S.C. § 216(c) (2008). This provision only governs situations in which an employee and employer enter into a private settlement agreement which is then enforced by the Secretary. As there is nothing in the record to indicate that Plaintiff and Defendants entered into a settlement agreement, or that the Secretary supervised such a settlement, this provision is inapplicable to the case at hand.[4] Waiver, however, is not the only means by which an employee's right to sue under the FLSA may be extinguished.

Section 216(c) states that the Secretary of Labor may bring suit "in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages" and that

> [t]he right provided by [section 216(b)] to bring an action by or on behalf of any employee to recover the liability specified in the first sentence of such subsection and of any employee to become a party plaintiff to any such action ***shall terminate upon the filing of a complaint by the Secretary in an action under this subsection in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation . . . or liquidated or other damages*** provided by this subsection owing to such employee by an employer liable under the provisions of subsection (b) of this section, unless such action is dismissed without prejudice on motion of the Secretary.

*Id.* (emphasis added).

---

[4] Plaintiff relies largely on the waiver provision of Section 216(c) to oppose Defendants' motion for summary judgment. (*See generally* Pl.'s Br. Opp'n 8-14.) In so doing, Plaintiff ignores the remainder of Section 216(c) which controls here.

6

Thus, "an individual employee's right to bring an action pursuant to § 216(b) terminates once that employee is named in a complaint filed by the Secretary of Labor pursuant to § 216(c) or § 217." *Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 460-61 (E.D.N.Y. 2012). This bar is absolute. *See, e.g.*, *Donovan v. Univ. of Texas at el Paso*, 643 F.2d 1201, 1205-06 (5th Cir. 1981) (discussing the legislative history of Section 216(c) and noting that the provision "terminating an employee's right to sue once the Secretary files a complaint was intended 'to relieve the courts and employers of the burden of litigating a multiplicity of suits based on the same violation of the Act by the employer.'"); *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 594 (S.D. Ohio 2002) (holding that § 216(c) "clearly removes a plaintiff's right of private action once that plaintiff is included in the Secretary of Labor's action against an employer for the period of time named in the Secretary's action"); *Marshall v. United States Postal Serv.*, 481 F. Supp. 179, 180 (D.D.C. 1979) (stating that a suit by the Secretary "extinguishes the right of any employee to become a party plaintiff to any action for recovery of unpaid minimum wages or unpaid overtime compensation"). This is true whether or not the plaintiff had notice of the suit, consented to it, or was dissatisfied with the result. *See, e.g.*, *Reich v. Stewart*, 121 F.3d 400, 407-408 (8th Cir. 1997) (noting that the employee consent requirement was deleted from Section 216(c) in 1974); *Reynolds v. Mark Inns of Am.*, No. 81-2241A, 1982 WL 1984, Fns. 1, 2 (N.D. Ga. Mar. 25, 1982) (barring private FLSA suit by an employee even where the employee had received no compensation from the Secretary of Labor's FLSA action); *Usery v. Bd. of Public Ed., School Dist. Of Pittsburgh*, 418 F. Supp. 1037, 1039 (W.D. Pa. 1976) (finding that an employee dissatisfied with the damages allocated to her under a suit brought by the Secretary could not intervene to alter those damages); *Wirtz v. Robert E. Bob Adair, Inc.*, 224 F. Supp. 750, 755 (W.D.

Ark. 1963) (finding that the filing of a suit by the Secretary "terminates the section [2]16(b) rights of employees . . . regardless of the outcome of the Secretary's suit.").[5]

Here, the DOL Action was filed prior to Plaintiff's suit. Plaintiff was named in the DOL Action. The DOL Action was not voluntarily dismissed by the Secretary, but rather, was resolved by Consent Judgment. There is no dispute as to these facts. Therefore, Plaintiff's FLSA claim is barred as a matter of law insofar as it seeks recovery of the wages and overtime sought by the DOL Action. This Court will grant Defendants' motion for summary judgment as to Plaintiff's FLSA claim to the extent Plaintiff seeks wages or overtime allegedly owed for the period prior to January 1, 2012. Plaintiff's claim may continue to the extent it seeks recovery of wages or overtime alleged to have been wrongfully withheld after that date.[6] *See Calderon*, 892 F. Supp. 2d at 462 (dismissing plaintiff's FLSA claim to the extent it overlapped with an action filed by the Secretary under Section 216(c), but holding that plaintiff was "entitled to pursue any claims" against defendants that arose after the time period covered by the Secretary's suit).

---

[5] Paragraph XXI of the Consent Judgment in the DOL Action also recognizes the right of employees such as Plaintiff to file an action under Section 16(b) "for any violations alleged to have occurred after January 1, 2012." (Turteltaub Decl. Ex. C.)

[6] Plaintiff's assertions that dismissal of his FLSA claim would violate his due process rights are unpersuasive. (Pl.'s Opp'n Br. 17-19). *See Monahan v. Emerald Performance Materials, LLC*, No. C08-1511 (RBL), 2009 WL 1172703, at *4 (W.D. Wash. Apr. 22, 2009) (finding that Section 216(c) does not violate employee's due process rights; and stating that its purpose of the statute was to eliminate duplicative suits and "reduce[] the possibility of inconsistent judgments, reduce[] *res* judicata problems and reduce[] pressure on courts' dockets by consolidating all plaintiffs' claims in one action.").

Equally unavailing is Plaintiff's claim that equitable tolling applies. Equitable tolling "requires plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." *Min Fu*, 2013 WL 5970167 at *8; *see also Jones v. U.S.*, 366 Fed. Appx. 436, 439 (3d Cir. 2010) (noting that equitable tolling is an extraordinary remedy); *Ruehl v. Viacom, Inc.*, 500 F.3d 375 (3d Cir. 2007) (requiring plaintiff to show that defendant actively misled him and that deception caused his late filing). Plaintiff has not produced evidence that shows that any deception by Defendants caused him to miss the opportunity to file his FLSA claim before the Secretary filed the DOL Action (or caused him to fail to file his NJWHL claim before the statute of limitations had run).

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Partial Summary Judgment as to Plaintiff's FLSA claim for violations arising prior to January 1, 2012 and Plaintiff's NJWHL claim for violations arising prior to February 21, 2012 is **GRANTED**. An order consistent with this Opinion follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:        Clerk
cc:          Parties
              Magistrate Judge Steven C. Mannion